IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RENALDO E. WILLIAMS, SR.,                )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )   CIVIL NO. 11-258-GPM
                                         )
AMERICAN WATER/BOTTOMS and               )
AMERENCIP,                               )
                                         )
            Defendants.                  )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.") (quotation omitted). Plaintiff Renaldo E. Williams, Sr., who brings this action pro se, alleges that Defendant American Water/Bottoms, a utility company furnishing water service to Williams, wrongfully discontinued Williams's water service on March 30, 2011. It appears also that Defendant AmerenCIP, a utility company furnishing electricity to Williams, is threatening to terminate Williams's electric service for non-payment of the utility's bills. Williams alleges no basis for the Court's subject matter jurisdiction in this case, and the Court can discern no such basis from Williams's complaint.

With respect to federal jurisdiction based upon diversity of citizenship, in general the exercise of diversity jurisdiction requires that all parties to a case be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332; *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Here Williams has failed to allege the citizenship of any of the parties to this case and in fact it appears that diversity of citizenship is not complete. Williams is domiciled in East St. Louis, Illinois. *See Morisch v. United States*, 709 F. Supp. 2d 672, 676 (S.D. Ill. 2010) (for purposes of diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled, meaning the state where the person is physically present with the intent to remain). AmerenCIP is a corporation incorporated under Illinois law and thus is, like Williams, an Illinois citizen. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation is a citizen of the state where it is incorporated and the state where it maintains its principal place of business).[1] Also, the jurisdictional amount in controversy for diversity purposes is not satisfied: Williams's claim against American Water/Bottoms is worth $12,000, and Williams's claim against AmerenCIP is worth $14,400. Neither claim is worth more than $75,000, exclusive of interest and costs, and even if the claims could be aggregated (and they cannot be), they still would not satisfy the jurisdictional threshold amount. *See LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (in general, a plaintiff may not aggregate claims against multiple defendants to satisfy the jurisdictional amount for diversity purposes, save

---

1. The Court can take judicial notice of the records of corporations maintained online by the Illinois Secretary of State. *See Dulaney v. United States*, 472 F. Supp. 2d 1085, 1086 (S.D. Ill. 2006) (a court may judicially notice public records and government documents, including those available from reliable sources on the Internet).

where the liability of the defendants is joint, not several); *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 513 (7th Cir. 1969) (same). The Court concludes that it does not have jurisdiction in diversity.

The Court turns next to the matter of whether this case is one "arising under" federal law for purposes of so-called "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. "The usual test of whether an action arises under federal law . . . is the 'well-pleaded complaint' rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint." *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, 638 F. Supp. 2d 980, 983 (S.D. Ill. 2009). The easiest class of cases involving the well-pleaded complaint rule are those in which the plaintiff asserts a claim under federal law, for then "[the] suit arises under the law that creates the cause of action." *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 589 (S.D. Ill. 2007) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). In some cases, however, although a plaintiff's cause of action is created by state law, federal question jurisdiction may exist nonetheless if resolution of the plaintiff's claim requires interpretation of federal law and a finding of federal jurisdiction will not disrupt the proper division of responsibilities as between state courts and federal courts. *See Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007) (noting that a substantial question of federal law such as to confer federal jurisdiction is one that entails "a context-free inquiry into the meaning of a federal law"); *Baker v. Johnson & Johnson*, 709 F. Supp. 2d 677, 683 (S.D. Ill. 2010) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005)) (noting that the kind of state-law case as to which it is proper to exercise jurisdiction based upon a substantial federal question is one that will "rarely" present a question of federal law, so that the

exercise of federal jurisdiction will have "only a microscopic effect on the federal-state division of labor") (brackets omitted). Finally, in certain cases a federal statute may "completely preempt[ ]" state law, so that the statute "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1089 (S.D. Ill. 2009) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Williams does not purport to bring his claim under federal law, nor is a question of federal law presented on the face of his complaint. Also, it does not appear that any of the small number of federal statutes that have been held to effect complete preemption of state law have any bearing on this case. Accordingly, the Court finds that this case does not arise under federal law.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Ordinarily a dismissal of a suit for lack of subject matter jurisdiction should not be on the merits. *See T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) ("[W]hen a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice."). Accordingly, the dismissal of this case for lack of jurisdiction will be without prejudice. However, the Court feels constrained to caution Williams at this juncture. The same claims against American Water/Bottoms and AmerenCIP that Williams asserts in this case were dismissed by the Court for lack of subject matter jurisdiction about two weeks ago in the case of *Williams v. American Water/Bottoms*, Civil No. 11-163-GPM (S.D. Ill. dismissed Mar. 30, 2011). In dismissing Civil No. 11-163-GPM, the Court meticulously evaluated the existence of federal

subject matter jurisdiction as to Williams's claims against American Water/Bottoms and AmerenCIP and found that no such jurisdiction exists. Two days after the Court dismissed Civil No. 11-163-GPM, Williams re-filed exactly the same claims in this case. This is now the second time, then, that the Court has had to dismiss Williams's claims against American Water/Bottoms and AmerenCIP for lack of subject matter jurisdiction. "Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). In case it was not made clear enough to Williams from the Court's order dismissing Civil No. 11-163-GPM, the Court will repeat itself: the proper forum for Williams's claims against American Water/Bottoms and AmerenCIP is an Illinois state court of general jurisdiction, such as the Circuit Court of St. Clair County, Illinois, located in Belleville, Illinois, a mere dozen or so miles from East St. Louis. If the Court is obliged to dismiss Williams's claims against American Water/Bottoms and AmerenCIP for lack of jurisdiction a third time, the dismissal will be on the merits, and the Court will put a ban on any further filings by Williams in this forum without prior leave of Court. "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 n.8 (1989). Also, orders barring vexatious litigants from filing new papers without court approval "are standard remedies for misconduct in litigation." *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010). The Court sincerely hopes that a word to the wise will be sufficient in this instance, because if Williams files this case a third time in this Court, he will be most unhappy with the result.

To conclude, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this case is **DISMISSED without prejudice** for lack of federal subject matter jurisdiction. Williams's motion for leave to proceed in forma pauperis (Doc. 2) and motion for appointment of counsel (Doc. 3) are **DENIED as moot**. Williams may re-file his claims in a state court of competent jurisdiction. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 14, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge